UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-753-H

PAMELA L. LUEBBE                PLAINTIFF

V.

STEPHENS' DRUGS, INC. and GARY GOBLE       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff has made several claims against her former employer regarding her earnings under the Employee Retirement Income Security Act ("ERISA") and the common law. Defendants have moved to dismiss. For the reasons that follow, Defendants' motion will be denied.

I.

Plaintiff was employed by Defendants as a pharmacist beginning in 2003. As part of her employment, Plaintiff elected to have 15% of her pay withheld for her 401K account, with 1.5% matching by her employer. Proper withholding, depositing, and matching occurred until 2008. At that time, Plaintiff alleges Defendants continued to withhold 15% of her paycheck, but deposited neither the withheld amount nor any matching funds. This situation continued for almost two years until Plaintiff left Defendants' employment. In addition, Plaintiff alleges that during her last year of employment, she received five paychecks that she could not deposit. Plaintiff filed the instant action after her employment with Defendants ended, claiming that Defendants violated ERISA, breached her employment contract, breached the covenant of good faith and fair dealing, committed fraud and civil conversion, and were unjustly enriched. Defendants have filed a motion to dismiss claiming Plaintiff has failed to state a claim upon

which relief can be granted, join an indispensable party, and exhaust administrative remedies. Defendants did not name the indispensable party nor explain how Plaintiff failed to state a claim upon which relief can be granted. Hence, the Court will only consider the argument that Plaintiff failed to exhaust administrative remedies.

II.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). All factual allegations in the complaint should be assumed to be true and "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 554. "We need not, however, accept as true legal conclusions or unwarranted factual inferences." *Campbell v. PMI Food Equip. Group, Inc.,* 509 F.3d 776, 781 (6th Cir. 2007).

III.

Defendants appear to make two different arguments under the rubric of failure to exhaust administrative remedies. First, Defendants suggest this Court lacks jurisdiction over these claims because there is an ongoing investigation by the Department of Labor into Defendants' practices. Neither party has presented any precedent or statute to suggest that a pending investigation divests this Court of its jurisdiction. In fact, 29 U.S.C. §1132(a)(1), in stating that a participant or beneficiary may bring a civil action to recover benefits due under an ERISA plan, confirms this Court does have jurisdiction over a case such as this one.

2

Defendants' second argument seems to be that Plaintiff did not exhaust her administrative remedies, and therefore prematurely filed suit. "ERISA's administrative exhaustion requirement for claims brought under §502 is applied as a matter of judicial discretion." *Fallick v. Nationwide Mut. Ins. Co.,* 162 F.3d 410, 419 (6th Cir. 1998). In the context of benefits claims, exhaustion of administrative remedies is usually required when a benefit is denied, thereby allowing the plan or administrator to reevaluate the denial and develop a record. *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 90 and 91 (6th Cir. 1997); *Madera v. Marsh USA, Inc.,* 426 F.3d 56, 61 (1st Cir. 2005).

Here, Plaintiff alleges certain monies were not deposited to her 401K account. The question is not whether the plan or administrator exercised acceptable judgment given the facts, but rather whether Defendants were obligated by statute or contract to deposit withheld funds along with matching funds into Plaintiff's 401K account. The purposes behind exhaustion of administrative remedies would not be served in this context. Furthermore, neither party has pled nor presented any evidence regarding administrative processes available to Plaintiff. Without such information, this Court cannot, and should not at this stage, decide if any administrative remedies were available, let alone required.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED.

cc: Counsel of Record