UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

PAMELA L. LUEBBE                                                                                    PLAINTIFF(S)

VS                                                                         CIVIL ACTION NO. 3:10CV-753-H

STEPHEN'S DRUGS, INC.                                                                       DEFENDANT(S)

### MEMORANDUM OPINION AND ORDER

Two motions are pending in this case where the Court has already entered a judgment as to liability against the corporate defendant.

Plaintiff has moved for reconsideration of the order declining to enter judgment against Gary Goble. Upon reconsideration, the Court recognizes that the bankruptcy court has allowed the plaintiff to proceed in the current action. Therefore, the judgment on liability is appropriate against Mr. Goble.

Plaintiff has also moved for damages. Plaintiff has received full reimbursement of about $18,000 for her retirement account and has declined to request interest. Therefore, the only remaining claims are these for attorney's fees.

Plaintiff claims attorney's fees motion 29 U.S.C.§ 1132. The Sixth Circuit as set forth a five factor list for determining the appropriateness of awarding fees. *Secretary of the Department of Labor, et al. V. King, et al.* 775 F2nd 666, 669 (6th Cir. 1985). However, Defendants liability is clear and this conduct was in bad faith. The award of some fees will discourage other who contemplate similar conduct. However, it appears unlikely that Defendant

can satisfy an award of fees. Nonetheless, an award is necessary because Defendant so clearly violated their fiduciary duties and gave no assurance that Plaintiff would be repaid.

Plaintiff report fees for approximately 131 hours of work and fees of $27,065.00. The Court has no doubt that the work was necessary and that most of it occurred prior to Plaintiff has any assurance of payment through other processes. Nevertheless, the Court is convinced that the fees exceed the amount sought in damages which was about $18,000. Through the rates charged are reasonable, as a general matter, they are greater than what the Court would normally allow for this kind of work. In doing work, attorney's must consider the cost of it compared to the anticipated recovery. This is easier said than done. Nevertheless, the Court to consider this factor even after the fact. In the end, there must be an appropriate relationship between the fees and the recovery. In do so, the Court concludes that the requested fee is too high and that $15,000 is appropriate the fee.

Being sufficiently advised;

**IT IS HEREBY ORDERED** the motion to reconsider by the plaintiff (DN#29) is **SUSTAINED** and Gary Goble is liable individually for the judgment entered herein.

**IT IS FURTHER ORDERED** plaintiffs are awarded judgment against Stephen's Drugs, Inc. and Gary Goble (DN#32) in the amount of $15,000.00 in attorney fees and $998.39 in costs.

This is a final order.

Date: April 4, 2013

Copies:
All Counsel